**Elizabeth DOLE, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**DRYWALL TAPERS AND FINISHERS LOCAL UNION 1976, INTERNATIONAL BROTHERHOOD OF PAINTERS AND ALLIED TRADES, AFL–CIO, CFL, Defendant.**

**Civ. A. No. 88–4599.**

United States District Court, D. New Jersey.

March 22, 1990.

---

Evan Barouh, U.S. Dept. of Labor, New York City, for plaintiff.

Francis H. Pykon, Newark, N.J., for defendant.

## OPINION

WOLIN, District Judge.

This matter is before the Court on plaintiff Secretary of Labor's motion for summary judgment pursuant to Fed.R.Civ.P. 56. Plaintiff contends that no issues of fact exist and that plaintiff is entitled to judgment as a matter of law. Defendant asserts that factual questions remain concerning the characterization of the May 16, 1988 letter sent by Joe Glaab to the local membership, thereby precluding the entry of summary judgment. The Court has reviewed the submissions of the parties and heard oral argument. The Court finds that there are no issues of fact and that the plaintiff is entitled to judgment as a matter of law. Therefore, plaintiff's motion will be granted and the Court will void the prior

election and mandate that a new election, supervised by the Secretary of Labor, be held.

## I. BACKGROUND

The facts in this action are undisputed by the parties. Defendant Drywall Tapers and Finishers Local Union 1976 ("the local") is a labor organization engaged in an industry affecting commerce within the meaning of the Labor–Management Reporting and Disclosure Act of 1959 ("LMRDA"). The local conducted a manual ballot election of officers on Monday, June 13, 1988, which was subject to the provisions of Title IV of the LMRDA (29 U.S.C. §§ 481–83). One of the offices for which the June 13 election was held included the office of Business Manager. Prior to that election, the incumbent Business Manager was Joseph Glaab and the incumbent North Jersey Business Agent was Vergil D. Jones. Both Glaab and Jones were nominated as candidates for the position of Business Manager at a meeting held on Monday, May 9, 1988. On or about May 16, 1988, Glaab sent a letter to all members of the local which was printed at the expense of the local, was on local stationary bearing the logos of the local and the International Brotherhood of Painters and Allied Trades ("the international), and was mailed at the local's expense.[1]

The election for Business Manager was held on June 13, 1988. Glaab received 190 votes, compared to Jones' 174, and was reelected Business Manager for a three year term. Jones, the unsuccessful candidate, protested the June 13 election by timely letter of June 15, 1988 addressed to William Duval, General President of the International. Duval acknowledged receipt of Jones' protest by letter dated June 24, 1988. By letter dated August 3, 1988, Duval denied Jones' protest. Thereafter, Jones filed a timely complaint with the U.S. Department of Labor, Office of Labor Management Standards dated August 19, 1988 in accordance with § 402(a)(2) of the LMRDA (29 U.S.C. § 482(a)(2)). The Department of Labor conducted an investiga-

---

**1.** The complete text of the May 16 letter is attached to this opinion as an appendix.

tion of the election which resulted in the filing of the instant action.

## II. DISCUSSION

Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Hersch v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir.1986). In making this determination, a court must make all reasonable inferences in favor of the non-movant. *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n. 2 (3d Cir.1983), *cert. dismd*, 465 U.S. 1091, 104 S.Ct. 2144, 79 L.Ed.2d 910 (1984). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Summary judgment must be granted if no reasonable trier of fact could find for the non-moving party. *Id.* Moreover, if the moving party has carried its burden of establishing the absence of a genuine issue of material fact, the burden shifts to the non-moving party to "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Therefore, even when the moving party's evidence is merely "colorable" or "not significantly probative," the Court may grant summary judgment. *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511.

Plaintiff has moved for summary judgment contending that, on the undisputed record, there is no genuine issues as to any material fact and plaintiff is entitled to judgment as a matter of law. Defendant, in Defendant's Memorandum of Law in Opposition, does not dispute any of the aforementioned facts. Defendant only disagrees with plaintiff's contention that, on those facts, plaintiff is entitled to judgment as a matter of law. The only issues in dispute between the parties are the legal characterization of the May 16 letter from Glaab to the membership and whether the letter "may have affected" the outcome of the election.

■ Whether an expenditure of union funds falls within the purview of the statutory provision forbidding such expenditures to promote the candidacy of any person is a matter of law for the Court to decide. *Donovan v. Metropolitan Dist. Council of Carp.*, 797 F.2d 140, 145 (3d Cir.1986). Both parties agreed at oral argument, and the Court so finds, that the proper standard to be applied by the Court is that an expenditure will violate the statute when "the tone, content and timing of the ... publication[ ] ... effectively encourage[d] and endorse[d] the re-election of [the incumbent]." *Id.* (citations omitted). Defendant also disputes whether the letter "may have affected" the outcome of the election. The Court is satisfied that a sufficient, undisputed, factual record exists on which the Court can decide these issues as a matter of law.

The parties agree that the May 16 letter was sent by the incumbent Business Manager, Joseph Glaab, to the membership of the local one week after the nominations for the June 13 election had been announced. There is no dispute that the letter was printed at the expense of the local, was on local stationary bearing the logos of the local and the international, and was mailed at the local's expense. The Court has carefully examined the May 16 letter and reviewed the other submissions of the parties. On the basis of this record, the Court finds that the tone, content and timing of that letter effectively encouraged and endorsed the re-election of Glaab as Business Manager.

The Court finds that the tone and content of the letter reveal a eulogistic composition intended as self-laudatory rhetoric. First, the letter was sent to the members of the local approximately one week after the nominations for the June 13 election had been announced, and approximately three weeks before the election itself. Sec-

ond, as both parties have admitted at oral argument, the question of whether to use "machine type tools" was not in contention among the various candidates for office. All of the candidates supported the local's position that these tools should not be used. The only new information which this letter purports to convey is that a representative of the International will attend a local meeting sometime in July or August in order to explain the position of the International on the issue of machine tools. Third, the letter recites specifically that Glaab's opponent did not attend certain meetings where the issue of machine tools was discussed. Defendant argues that attendance is important because the local by-laws state that if certain meetings are missed three times, the offending person must be relieved of his duties. However, defendant conceded at oral argument that no minutes or attendance was taken at the meetings mentioned in the May 16 letter and that those meetings are not the type referred to in the by-laws. Fourth, the remainder of the letter describes all of the benefits that the incumbent, Joseph Glaab, has apparently conferred on the local during his tenure as Business Manager. The letter also describes how Glaab "will continue to fight to protect our collective Bargaining Agreement, in court, at the collective bargaining table, and on the picket line," and ends with the admonition to the members of the local that "YOUR VOICE COUNTS" (capitalized in original).

The Court finds that both the tone and the content of this letter are political in nature and that, in essence, this letter was a piece of Glaab campaign literature. The Court finds that in this letter Glaab has exceeded the bounds of permissible reportage on union matters which is an unavoidable consequence of performing his duties as Business Manager. *See Donovan v. Metropolitan Dist. Council of Carp.*, 797 F.2d at 145. Therefore, the Court holds, as a matter of law, that the local violated 29 U.S.C. § 481(g) by mailing the May 16 letter from Glaab to the members of the local.

Defendant also contended at oral argument that even if the Court should find that the May 16 letter is violative of the act, that the letter had no effect on the outcome of the election. Section 402(c) of LMRDA, 29 U.S.C. § 482(c), empowers this Court to declare a union election void and order a new election if the Court finds that a violation of LMRDA § 401 has occurred and that the violation "may have affected the outcome of [the] election." The Supreme Court has "ascrib[ed] to a proved violation of § 401 the effect of establishing a prima facie case that the violation 'may have affected' the outcome. This effect may of course be met by evidence which supports a finding that the violation did not affect the result." *Wirtz v. Hotel, Motel and Club Employees Union, Local 6*, 391 U.S. 492, 506–07, 88 S.Ct. 1743, 1752, 20 L.Ed.2d 763 (1968). The Court finds that its determination that the May 16 letter violates LMRDA establishes a prima facie case that the June 13 election may have been affected. The election was decided by a margin of 16 votes out of 364 votes cast. Plaintiff's 12(G) Statement, ¶ 10. Because of the close election margin, the Court finds that any proof relating to the outcome would, necessarily, be speculative. Therefore, the Court finds as a matter of law that, on the undisputed facts of this action, the violative letter may have affected the outcome of the election.

### III. CONCLUSION

For the reasons stated above, the Court will grant plaintiff's motion for summary judgment. The Court finds that the May 16 letter constituted a violation of LMRDA and may have affected the outcome of the June 13 election. Therefore, pursuant to 29 U.S.C. § 482(c)(2) the Court will declare the June 13 election void and direct that a new election be held to fill the office of Business Manager for the balance of the term ending June 13, 1991 under the supervision of the Secretary of Labor. The nomination and election held pursuant to this Court's Order will be conducted in accordance with LMRDA and, insofar as lawful and practicable, with the Constitution and By–Laws of the local and the international. The Court will retain jurisdiction over this action so that the Secretary can certify to

the Court the results of the election. Upon approval of the certification, the Court will enter a decree declaring that person to be an officer of Union Local 1976.[2]

An appropriate order is attached.

### Appendix

Text of May 16 letter from Joe Glaab to all members of Local 1976

Dear Members:

I have reported to you at the previous monthly meetings, the position of the International, as well as the demands and legal challenges of the Contractors for the use of the machine type tools. I have asked for your thinking and opinions on the issue, so that I can fight for you.

I have had several meetings with the Employers and the International, along with the Apprentice Coordinator, Organizers, and South Jersey Agent. The North Jersey Agent did not attend any of these meetings.

I have been vocal at these meetings and fought against the use of these tools, and against the Contractors arguments for them. The concerned Representatives who attended the meetings are in full agreement with me, and are also against their use. I feel the current Collective Bargaining Agreement is solid. I have NOT given permission for the machine type tools, period!

I will continue to fight to protect our collective Bargaining Agreement, in court, at the collective bargaining table, and on the picket line.

I have contacted International Vice President, Michael Monroe, and he will attend the July or August 1988, union meeting to explain the Internationals position on the use of machine tools, as well as other challenges facing us as Union Tradesmen.

I have always been up-front with you, and will always value your opinions and recommendations for the good of our union.

Please make every effort to attend these meetings. YOUR VOICE COUNTS

Fraternally,

Joe Glaab,

Business Manager

### ORDER

In accordance with the opinion of this Court filed herewith,

It is on this 22 day of March, 1990

ORDERED that plaintiff's motion for summary judgment is granted; and it is further

ORDERED that pursuant to 29 U.S.C. § 482(c)(2) the June 13 election is declared void and that a new election is to be held to fill the office of Business Manager for the balance of the term ending June 13, 1991 under the supervision of the Secretary of Labor; and it is further

ORDERED that the nomination and election held pursuant to this Court's order will be conducted in accordance with the Labor–Management Reporting and Disclosure Act of 1959 and, insofar as lawful and practicable, with the Constitution and By–Laws of Drywall Tapers and Finishers Local Union 1976 and the International Brotherhood of Painters and Allied Trades; and it is further

ORDERED that this Court will retain jurisdiction over this action so that the Secretary can certify to the Court the results of the election; and it is further

ORDERED that upon approval of the certification, the Court will enter a decree declaring that person to be an officer of Union Local 1976.

---

**2.** The Secretary's complaint requested relief concerning other offices of the local. By stipu-lation of the parties, only the issue of the election for Business Manager is before the Court.